IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBORAH EPPERSON and <br> BERYL "GENE" EPPERSON, JR., <br> husband and wife, <br> <br>           Plaintiffs, <br> <br> v. <br> <br> INTEGRIS BAPTIST REGIONAL <br> HEALTH CENTER, MIAMI, OK, d/b/a <br> THE INTEGRIS MIAMI HOSPITAL, <br> and/or HUSSAIN MUZAFFAR, M.D., <br> individually, and as an employee of <br> Integris Baptist Regional Health Center, <br> Miami, OK, <br> <br>           Defendants. | Case No. 09-CV-769-GKF-FHM |

**OPINION AND ORDER**

This matter comes before the court on the defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of diversity jurisdiction [Doc. No. 10]. For the reasons set forth below, defendants' motion is granted.

The claims before this court were first filed in December, 2004 in the District Court of Ottawa County, Oklahoma. Plaintiffs Deborah Epperson and Beryl "Gene" Epperson (the "Eppersons") allege that, on February 19, 2004, defendant Hussain Muzaffar, M.D., while in the midst of performing surgery at the defendant hospital in Miami, Oklahoma, reached across a surgical patient and struck plaintiff Deborah Epperson, a practicing Registered Nurse, on her right hand with a stainless steel surgical instrument. When the Eppersons first filed their claims in 2004, they alleged they were residents of Miami, Ottawa County, Oklahoma. The Eppersons voluntarily dismissed their state court lawsuit without prejudice four years later, on December 5, 2008. On December 7, 2009, they re-filed their claims in this court, alleging that this federal

court has diversity jurisdiction because they are residents of Tucson, Arizona. Defendants challenge the diversity jurisdiction of this court by presenting evidence that plaintiffs are citizens of the State of Oklahoma.

Since federal courts are courts of limited jurisdiction, there is a presumption against jurisdiction, and the party invoking federal jurisdiction bears the burden of proof. *Penteco Corp. v. Union Gas Sys.,* 929 F.2d 1519, 1521 (10th Cir. 1991). Where a party attacks the factual basis for subject matter jurisdiction, the court does not presume the truthfulness of factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts. *Radil v. Sanborn Western Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). To establish diversity jurisdiction in federal court, the Eppersons must show that all parties on one side of the controversy are of a different citizenship from all parties on the other side. 28 U.S.C. § 1332; *Depex Reina 9 P'ship v. Texas Intern. Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990).

In determining whether complete diversity exists, the court must look to the citizenship of the parties at the time the suit was filed. *Johnston v. Cordell Nat. Bank*, 421 F.2d 1310 (10th Cir. 1970). This suit was filed on December 7, 2009. For the purposes of diversity jurisdiction under § 1332(a)(1), a person is a citizen of the state in which he or she is domiciled. *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983). To effect a change in domicile, two things are indispensable: first, physical residence in the new location, and second, the intention to remain in the new location for an indefinite period of time. *Id.* Residence alone is not the equivalent of citizenship, but the place of residence is *prima facie* the domicile. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Domicile is not lost by protracted absence from home, where the intention to return remains. *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir.

1973). To ascertain intent, the court must examine the entire course of a party's conduct in order to draw the necessary inferences as to the relevant intent. *Edick v. Poznanski*, 6 F.Supp.2d 666, 669 (W.D. Mich. 1998). The court must use a "totality of the evidence" approach, and no single factor is conclusive. *Id.*

Plaintiff Deborah Epperson's deposition was taken in the state court action on September 17, 2008. She testified that her "current address" was 64201 East 100 Road, Miami, Oklahoma, 74354, that she had lived at that address since early to mid 2004, and that she and her husband owned the home. She further testified that, at the time of her deposition, she and her husband resided in a travel trailer in Tucson, Arizona, and had been doing so since February of 2008, as she worked under contract through a nursing agency as a registered nurse at University Physicians Hospital in Tucson. The plaintiffs' affidavits establish that their first employment contracts in Tucson began in or about June of 2004, and that they renewed their contracts through May of 2006. During an extended, four month-long employment break in late 2004 and early 2005, Deborah Epperson testified they "came back home" to Miami, Oklahoma. The Eppersons took a one year contract in Raleigh, North Carolina, where they worked from June, 2006 through June, 2007. In January, 2008, the Eppersons moved back to Tucson, where they have since resided and worked since February, 2008.

In April of 2009, the Eppersons accepted offers of full time "core staff" employment with University Physicians Hospital for two (2) years. If the Eppersons leave their employment before the expiration of the term in April of 2011, they would forfeit or have to pay back a portion of a "relocation and completion" bonus. The Eppersons state that they intend to stay in Tucson through the end of their current contracts and that they do not intend to forfeit and pay

back any of their contract bonuses. It is also their stated intention to continue to work at University Physicians Hospital as long as they are offered employment contracts, or until they are eligible for retirement.

The Eppersons state that, since they entered into their current employment contracts in Tucson, they have identified themselves as Arizona residents both on their federal tax returns and on their Arizona returns. They did not pay Oklahoma income taxes in tax year 2009.

The Eppersons are registered to vote in Oklahoma, but state they do not vote by absentee ballot, and they are not registered to vote in Arizona. Both carry Oklahoma driver licenses. Both carry Arizona photo identification cards.

Gene Epperson is a member of the Ottawa Tribe of Oklahoma, which has its base of operations in Miami, Ottawa County, Oklahoma. Mr. Epperson states his interest in Ottawa tribal affairs, and that that he carries an Oklahoma driver license because doing so permits him to maintain an Ottawa tribal license plate, which has special meaning to him. It is also much less expensive than state-issued license plates.

The Eppersons maintain their primary professional licensures as Registered Nurses with the Oklahoma Board of Nursing. In their applications for license renewals to the Oklahoma Board of Nursing, the Eppersons each show their address to be 64201 E. 100 Road in Miami, Oklahoma. The Eppersons are also licensed as RNs in Arizona, as Oklahoma does not belong to the national RN license compact.

In their affidavit, the Eppersons state that the fifth wheel travel trailer in which they live has a number of advantages, including that, upon retirement, "we can transport the trailer to wherever we then choose to live in retirement. Plus it provides the future option to move it or to

travel in it upon retirement, which is a goal of both of us."

The Eppersons have a homestead exemption on their home in Miami, Oklahoma. On December 17, 2009, some ten (10) days after they filed this action, they entered into a mortgage on their property located at 64201 E 100 RD, Miami, Oklahoma. Each listed their address as mortgagors to be 64201 E 100 RD, Miami, OK. Their son, Aaron, lives on, and maintains, the property. Their daughter, Jennifer, supervises continuing house renovations and add-on construction, inspects the work and pays the contractors. Most of the Eppersons' furniture and personal belongings remain in storage.

A person may have more than one residence, but he or she may only have one domicile. *Williamson v. Osenton*, 232 U.S. 619, 625 (1914). The Supreme Court, through Justice Holmes, defined domicile to be "the technically pre-eminent headquarters that every person is compelled to have in order that certain rights and duties that have been attached to it by the law may be determined." *Id.* A person's domicile is not lost until a new one is acquired. *Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986). Having considered the totality of the evidence presented, this court finds and concludes that plaintiffs have failed to establish that diversity jurisdiction exists. The Eppersons reside in a fifth wheel travel trailer in Tucson, Arizona, and intend to work in Tucson at least through the expiration of their current contracts in April, 2011, but they continued to take legal advantage of their domicile in Oklahoma with their homestead exemption, drivers licenses, nursing licenses, and tribal ties. The Eppersons have failed to carry their burden and prove an intent to stay in Arizona "for an indefinite period of time." *Kramer v. Sears Roebuck and Co.*, 1997 WL 141175 (10th Cir. 1997)(unpublished); *Crowley,* 710 F.2d at 678. In short, the evidence before the court does not show that the Eppersons have acquired a new domicile.

For the reasons set forth above, defendants' Motion to Dismiss for lack of diversity jurisdiction [Doc. No. 10] is granted.

ENTERED this 9th day of December, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma